IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHERYL DIGGS, on behalf of herself and others similarly situated, 3206 Potter Street Philadelphia, PA 19134 | CIVIL ACTION<br><br>No. _____ |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| CARESAVE TECHNOLOGIES, INC. (d/b/a "HomeCare.com"), 7925 Jones Branch Drive, Suite 2200 McLean, VA 22101<br><br>Serve Resident Agent: CORPORATION SERVICE COMPANY 7 St. Paul Street, Suite 820 Baltimore MD 21202 | |
| Defendant. | |

**COMPLAINT – CLASS/COLLECTIVE ACTION**

Plaintiff Cheryl Diggs ("Plaintiff") brings this lawsuit on behalf of herself and others similarly situated against Defendant CareSave Technologies, Inc. (d/b/a "HomeCare.com") ("Defendant") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), MD. CODE ANN. Labor and Employment Art. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collections Law ("MWPCL") MD. CODE ANN. Labor and Employment Art. §§ 3-501, *et seq.* Plaintiff asserts her FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts her MWHL and MWPCL claims as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the MWHL and MWPCL claims is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Philadelphia, Pennsylvania (Pennsylvania County).

5. Plaintiff is an employee of Defendant covered by the FLSA and the PMWA.

6. Defendant is a corporate entity registered to do business in the State of Maryland and headquartered in McLean, Virginia. Defendant regularly conducts business within this judicial district including the employment and placement of home health workers, such as Plaintiff, with clients throughout the State of Maryland.

7. Defendant is an employer of Plaintiff and the proposed class/collective covered by the FLSA, MWHL and/or MWPCL.

## FACTS

8. Defendant owns and operates the internet platform HomeCare.com which is "the leading mobile and web platform designed to connect care providers to clients seeking in-home care services for themselves or their loved ones."

9. During the three-year time period relevant to this lawsuit, Defendant has employed hundreds of employees as caregivers or home health aides (collectively "Caregivers")

who perform homecare and companionship services for Defendant's client at the clients' homes in Maryland, Pennsylvania, Delaware North Carolina, Texas, Ohio and Michigan.

10. Plaintiff was employed by Defendant as a live-in Caregiver that resided at the client's home from approximately 2016 until approximately April 2018. During the last four months of her work for Defendant (from approximately January 2018 until approximately April 2018) Plaintiff was assigned to a homecare client located in Germantown, Maryland.

11. Defendant paid Plaintiff and other Caregivers on a day-rate basis.

12. For example, Defendant paid Plaintiff a day rate of $180.00 for her work with Defendant's Germantown, Maryland client in 2018.

13. Plaintiff and other Caregivers regularly work over 40 hours per week.

14. For example, Plaintiff recalls as a live-in Caregiver who was with the client 24 hours a day for seven days a week, she would typically work at least 112 hours if not more per week during her work for Defendant at the Germantown, Maryland client. Due to these excessive hours, there were times when the day-rate payment by Defendant failed to compensate Plaintiff with the required minimum hourly wage rate for all hours worked.

15. Even though both the FLSA and the MWHL entitle day-rate employees to extra overtime premium compensation for hours worked over 40 per week, *see, e.g.*, 29 C.F.R. § 778.112; *Poe v. IESI MD Corp.*, 220 A.3d 333 (Md. App. 2019), Defendant did not pay Plaintiff and other Caregivers any extra overtime premium compensation for their overtime hours.

16. By failing to pay all required wages to Plaintiff and other Caregivers, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA and MWHL provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings her FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals employed by Defendant within the past three years as Caregivers.

18. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

19. Plaintiff brings her MWHL and MWPCL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals employed by Defendant within the past three years as Caregivers who performed work in the State of Maryland.

20. Class action treatment of Plaintiff's MWHL and MWPCL claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

21. The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

22. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

23. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

24.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide timekeeping and pay policies, as summarized herein.  The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

25.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I**
**(Alleging FLSA Violations)**

26.     All previous paragraphs are incorporated as though fully set forth herein.

27.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

28.     Defendant violated the FLSA by failing to pay Plaintiff and the proposed FLSA collective any overtime premium for hours worked over 40 per week.

## **COUNT II**
**(Alleging MWHL Violations)**

29.     All previous paragraphs are incorporated as though fully set forth herein.

30.     The MWHL requires that covered employees receive a minimum wage of at least: (i) $9.25/hr. as of July 1, 2017; (ii) $10.10/hr. as of July 1, 2018; and (iii) $11.00/hr. as of January 1, 2020.

31. The MWHL requires that covered employees receive "overtime wage of at least 1.5 times the usual hourly wage" for hours worked over 40 in a single week." *See* MD. CODE ANN. Labor and Employment Art. § 3-415(a).

32. Defendant violated the MWHL by failing to pay Plaintiff and other Rule 23 class members any overtime premium for hours worked over 40 per week and at times the minimum wage for each hour worked.

## COUNT III
### (Alleging MWPCL Violations)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Defendant has been the employer of Plaintiff and class members for purposes of the MD. CODE ANN. Labor and Employment Art. § 3-501 *et seq*.

35. Defendant made unlawful deductions from the wages of Plaintiff and class members by failing to pay them all wages owed in violation of MD. CODE ANN. Labor and Employment Art. § 3-503.

36. Defendant had a duty to pay whatever wages were due to Plaintiff and class members on a regular basis. Defendant failed to uphold this duty in violation of MD. CODE ANN. Labor and Employment Art. § 3-502 and §3-505. This failure to properly compensate its employees includes wages owed at the overtime rate owed at time and half the regular rate under both the FLSA and the MWHL are in contravention of the MWPCL. *See* MD. CODE ANN. Labor and Employment Art. § 3-502 and §3-505.

37. Defendant's failure to comply with obligations under the Maryland Labor and Employment Code was willful, intentional, not in good faith, and not because of a *bona fide* dispute.

38. Defendant's conduct constitutes violations of the MWPCL, MD. CODE ANN. Labor and Employment Art. §§ 3-501, *et seq.*, subjecting it to the MWPCL's treble damages provisions under § 3-507.1.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential collective members;

C. An order certifying the proposed class pursuant to Fed. R. Civ. P. 23.

D. Unpaid wages to the fullest extent permitted under the law;

E. Liquidated damages and penalties to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

Date:  January 25, 2021                     /s/ Brian J. Markovitz
                                                    Brian J.  Markovitz, Esq. (Bar No. 15859)
                                                    JOSEPH, GREENWALD & LAAKE, P.A.
                                                      6404 Ivy Lane, Suite 400
                                                      Greenbelt, MD  20770
                                                      Phone:  (301) 220-2200
                                                      bmarkovitz@jgllaw.com

                                                      R. Andrew Santillo, Esq.
                                                      (*pro hac vice* admission anticipated)
                                                      WINEBRAKE & SANTILLO, LLC
                                                      Twining Office Center, Suite 211
                                                      715 Twining Road
                                                      Dresher, PA 19025
                                                      Phone:  (215) 884-2491
                                                      asantillo@winebrakelaw.com

                                                      *Counsel for Plaintiff*